UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Inez Hunter,

Plaintiff,

v.

Target, Inc., and Sherry Marsh,

Defendants.

**ORDER**
Civil No. 02-301 ADM/AJB

---

Inez Hunter, *pro se*.

Becky R. Thorson, Esq., and Ethan Glass, Esq., Robins, Kaplan, Miller & Ciresi, L.L.P., Minneapolis, MN, appeared for and on behalf of Defendants.

---

## I. INTRODUCTION

On November 22, 2002, this matter came before the undersigned Unites States District Judge on the Defendants' Motion to Dismiss for Insufficient Service of Process and for a More Definite Statement [Docket No. 26]. Defendants Target, Inc. ("Target"), and Sherry Marsh ("Marsh") move to dismiss the above-entitled action against Marsh for insufficiency of service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), and to remove her name from the case caption. Target further moves for an amended, more definite complaint of short, plain statements of Plaintiff Inez Hunter's ("Hunter") allegations, but withdraws its initial request for dismissal based on lack of subject matter jurisdiction.

Though Hunter served various documents on both Target and Marsh, including an initial brief, an amended brief, and several exhibits, she has provided no proof that there has ever been

FILED 11.25.02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

proper service of the requisite papers on Marsh. Hunter filed this action on February 5, 2002, and, after obtaining counsel, served a summons and complaint on Target in June, 2002. See Complaint [Docket No.1]; Thorson Aff. ¶ 3. Marsh, however, was never individually served with such process. Thorson Aff. ¶ 5. The parties then began negotiations and Target agreed to withdraw its pending Motion to Dismiss in order to provide Hunter additional time to amend the complaint and remove Marsh as a named party. See id. ¶¶ 4, 5. When no amended complaint appeared and Marsh had been neither served nor dismissed, Defendants renewed their original objections and brought the present Motion. On September 3, 2002, Hunter's attorney's Motion to Withdraw [Docket No. 21] was granted and Hunter proceeds *pro se*.

Because Marsh was never properly served process, as required by Federal Rule of Civil Procedure 4, and it is now long past the specified and reasonable time for such action, Defendants' 12(b)(5) Motion to Dismiss Defendant Marsh is granted and her name shall be removed from the case. Hunter should no longer arrange any contact with Marsh and should direct all aspects of this litigation solely to Defendant Target.

Furthermore, Target's 12(e) Motion for a More Definite Statement is granted, and Hunter is directed to file an amended complaint complying with the Federal Rules of Civil Procedure by December 16, 2002. The amended complaint must name only Target, Inc. as a defendant. Hunter must serve the amended complaint and all other future pleadings and correspondence on attorneys Becky Thorson and Ethan Glass, counsel for Target.

## II. CONCLUSION

**IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss Defendant Marsh [Docket No. 26] is **GRANTED** and Marsh's name shall be removed from the case caption,

2. Target's Motion for a More Definite Statement [Docket No. 26] is **GRANTED**, and

3. Hunter is ordered to file and serve the amended complaint by December 16, 2002.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: November 25, 2002