**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Inez Hunter,

Plaintiff,

v.

Target, Inc.,

Defendant.

Civil No. 02-301 ADM/AJB

**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY MOTION TO STRIKE SHOULD NOT BE GRANTED**

This matter comes before the Court, Magistrate Judge Arthur J. Boylan, 638 U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101, on defendant's motion to strike paragraphs 4, 6, 7, 8, and 9 from plaintiff's amended complaint. Defendant asserts that the paragraphs are contained in the amended complaint in violation of the District Court's Order dated November 25, 2002, therein requiring plaintiff to direct all aspects of this litigation solely to defendant Target, and further ordering that only Target, Inc. be named as defendant in this case. Defendant contends that the cited paragraphs should be stricken from the amended complaint pursuant to Fed. R. Civ. P. 12(f) on grounds that they are immaterial, impertinent, or scandalous.

**IT IS HEREBY ORDERED** that plaintiff shall have until January 30, 2003, to submit a written response to defendant's motion to strike, therein presenting reasons why defendant's motion to strike should not be granted. Failure to timely respond will result in the Court's consideration of the motion without argument on behalf of the plaintiff.

Dated: 1/15/03

Arthur J. Boylan
United States Magistrate Judge

JAN 16 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.