**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Inez Hunter,

Civil No. 02-301 ADM/AJB

Plaintiff,

v.

**ORDER ON MOTIONS TO STRIKE**

Target, Inc.,

Defendant.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, 638 U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101, on defendant's motion to strike paragraphs 4, 6, 7, 8, and 9 from plaintiff's amended complaint [Docket No. 34], and on defendant's second motion to strike allegations contained in the handwritten "Relief Requested" portion of a re-submitted amended complaint [Docket No. __]. The motions are considered on the file and documents submitted by the parties and without hearing.

The initial complaint in this matter named Target, Inc. and Sherry Marsh as defendants. Defendants subsequently moved for dismissal of claims against Sherry Marsh and for more definite statement. A motion for dismissal based upon lack of subject matter jurisdiction was withdrawn. By Order of United States District Court Judge Ann D. Montgomery dated November 25, 2002, the motion to dismiss defendant Marsh was granted. Plaintiff was directed to file an amended complaint, removing Marsh's name from the pleading and naming only Target, Inc. as a defendant. In addition, Target's motion for a more definite statement was granted. Plaintiff filed an amended complaint on January 8, 2003, in which Marsh's name was removed from the caption but was mentioned in the text of the document. Defendant Target

FEB 13 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

thereafter moved to strike all references to defendants other than Target, asserting that the references are contained in the amended complaint in violation of the District Court's Order requiring plaintiff to direct all aspects of this litigation solely to defendant Target. Defendant contends that the cited paragraphs should be stricken from the amended complaint pursuant to Fed. R. Civ. P. 12(f) on grounds that they are immaterial, impertinent, or scandalous.

By Order dated January 15, 2003, plaintiff was directed to show cause why the motion to strike should not be granted and was given until January 30, 2003, to submit her response. Plaintiff timely submitted a "Revised Civil Rights Amended Complaint Pursuant to 42 U.S.C. § 1983" in which language referencing parties other than Target has been deleted from paragraphs 4, 5, 8, and 9, and the text from paragraphs 6 and 7 has been deleted entirely. However, the revised amended complaint contains further allegations in a handwritten section entitled "Relief Requested." Defendant Target acknowledges that plaintiff's revised amended complaint properly deletes material as requested in its first motion to strike, but has now filed a second Motion to Strike, therein asking the Court to strike the handwritten portion of the revised amended complaint that was not included in the copy of the first amended complaint that was served on the defendant.

Upon review of the pertinent submissions the Court **hereby finds** that plaintiff's Revised Amended Complaint sufficiently excludes defendants other than Target from mention in paragraphs 4, 6, 7, 8, and 9 as necessary to satisfy the defendant's request for relief on its first Motion to Strike and a revised complaint may be filed in that form with respect to those paragraphs. The Court **further finds** that modifications to the complaint as alleged in the "Relief Requested" portion of the Revised Amended Complaint, with the sole exception of a claim for

punitive damages based upon violation of the Minnesota government Data Practices Act contained in the section entitled Relief Requested, E.[4], are not improperly alleged. Defendant moved for a more definite statement and now they have it. Indeed, each of the claims for relief which defendant seeks to strike in its second motion, with the above noted exception, is contained within the text of either the original complaint or the first amended complaint and therefore this section merely repeats allegations to which defendant did not object in the first motion to strike and are responsive to the motion for more definite statement. The Minnesota Data Practices Act claim is excluded because the Court finds no direct or inferential mention of such a claim anywhere in plaintiff's prior pleadings.

**IT IS HEREBY ORDERED** that defendant's first Motion to Strike is **denied as moot** [Docket No. 34]. **IT IS FURTHER ORDERED** that defendant's second Motion to Strike [Docket No. __] is **granted in part and denied in part**. Defendant's motion to strike is **granted** with respect to the claim for punitive damages based upon violation of the Minnesota Data Practices Act and is **denied** in all other respects. Plaintiff shall have until February 28, 2003, to submit a second revised amended complaint which shall contain the modifications to paragraphs 4, 5, 6, 7, 8, and 9 as indicated in the proposed revised amended complaint submitted on January 30, 2003, and shall exclude the claim for relief based upon violation of the Minnesota Data Practices Act as stated in the handwritten portion entitled Relief Requested, E.[4]. Plaintiff may further amend the complaint only by leave of Court or defendant's consent as provided in Fed. R. Civ. P. 15.

Dated: February 13, 2003

Arthur J. Boylan
United States Magistrate Judge